(32)

FILED

JUL - 1 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

In re                                    ) Case No. 09-45257-E-13L
                                         )
DWIGHT MAURICE PRUITT and                )
ANGELA MARIE PRUITT,                     )
                                         )
                    Debtor(s).           )
_____         )
                                         )
DWIGHT MAURICE PRUITT and                ) Adv. Pro. No. 11-2098
ANGELA MARIE PRUITT,                     ) Docket Control No. MFO-2
                                         )
                    Plaintiff(s),        )
v.                                       )
                                         )
CHASE HOME FINANCE, LLC,                 )
                                         )
                    Defendant(s).        )
_____         )

This memorandum decision is not approved for publication and may
not be cited except when relevant under the doctrine of law of the
case or the rules of claim preclusion or issue preclusion.

**MEMORANDUM OPINION AND DECISION**

Defendant Chase Home Finance, LLC seeks to dismiss this
adversary proceeding pursuant to Federal Rule of Civil Procedure
12(b)(6) as made applicable to this adversary proceeding by Federal
Rule of Bankruptcy Procedure 7012. In relevant part, Defendant
argues that:

///

(1) The cause of action for declaratory relief fails to state a claim because:

    (a)  it is solely predicated on other claims and is thus duplicative and unnecessary;

    (b)  it is predicated on an alleged violation of the automatic stay and is preempted by the remedies specified under the Bankruptcy Code; and

    (c) to the extent that it is based on allegations of fraud, such allegations have not been pled with particularity as requires by Fed. R. Civ. P. 9(b).

(2) The second cause of action for violation of the automatic stay fails to state a claim because:

    (a) the notice of post-petition modification of the mortgage payment did not constitute an attempt to collect a debt;

    (b) the notice was made simply in furtherance of the confirmed plan; and first cause of action, for declaratory relief, fails because there was no violation of the automatic stay; and

    (c) the notice only concerned a sum that Plaintiff-Debtors were obligated to pay under the Plan.

(3) The third cause of action, for violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1), fails to state a cause of action because it is not a separate basis for liability, but merely a remedy for violations of the automatic stay.  Further, the allegations cannot state a claim because the Plan provides for payment of Defendant's claim.

(4) The fourth cause of action, for violation of the Real Estate Settlement Procedures Act ("RESPA"), fails to state a claim because:

    (a) bankruptcy law proves the exclusive remedy for alleged violations of the automatic stay and preempts any RESPA claims;

    (b) it fails to allege any legal duties which have been breach or facts to support a RESPA claim; and

    (c)  there is no private cause of action under 12 U.S.C. § 2609.

(5) The fifth cause of action, for civil conspiracy, fails because;

(a) bankruptcy law proves the exclusive remedy for violation of the automatic stay;

(b) there is no standalone cause of action for civil conspiracy; and

(c) the requisite elements for conspiracy have not been pled.

The court's decision is to grant the Motion as to the Second and Third (violation of the automatic stay), Fourth (violation of RESPA), and Fifth (civil conspiracy) causes of action, and deny the motion as to the First (declaratory relief) cause of action.

## FACTS

Long Beach Mortgage Company entered into a loan with Plaintiff-Debtors.  Complaint ¶ 14, Dckt. 1.[1]  The obligation was evidenced by a note ("Long Beach Note") and secured by a deed of trust ("Long Beach Deed of Trust").  *Id.* The Plaintiff-Debtors filed their Chapter 13 bankruptcy case on November 18, 2009. Dckt. 1 in Case No. 10-42260-E-13.  JPMorgan Chase Bank, N.A. filed a proof of claim on December 8, 2009, in the secured amount of $483,972.08 (Proof of Claim No. 1, Case No. 09-45257).[2]  The proof

---

[1]/ The facts are "stated" as alleged in the pleadings.  The court does not make any findings as to the facts underlying the claims in this Adversary Proceeding.

[2]/ This Adversary Proceeding has been commenced by the Plaintiff-Debtors against Chase Home Finance, LLC.  Three proofs of claim have been filed in this case which relate to this secured claim.  Proof of Claim No. 1 was filed on December 8, 2011 by JPMorgan Chase Bank, National Association, asserting that it was the entity to whom the Plaintiff-Debtors owed the money. The proof of claim is signed by William G. Malcolm as an unidentified representative of JPMorgan Chase Bank, National Association.  Attached to Proof of Claim No. 1 are copies of the Long Beach Note and Deed of Trust, but no documents evidencing the assignment to JPMorgan Chase Bank, National Association are attached.  Proof of Claim No. 1 asserts a secured claim in the amount of $483,972.08.

of claim stated that seven (7) pre-petition mortgage payments were listed as past due, from March 2009 to October 2010, totaling $21,816.20 and an escrow shortage of $15,308.08. Attached to this JPMorgan Chase Bank, N.A. Proof of Claim are copies of the Long

---

The second proof of claim was filed on January 7, 2011, by JPMorgan Chase Bank, Proof of Claim No. 6, which is identified as amending Proof of Claim No. 1. This proof of claim is also signed by William G. Malcolm in an unidentified capacity as a representative of JPMorgan Chase Bank, National Association. This amendment reduces the amount of the secured claim to $444,685.21. No explanation is provided for the significant decrease in the amount claimed.

On July 23, 2011, the third proof of claim was filed, this time by Chase Home Finance, LLC. Proof of Claim No. 10. This was filed as an amendment to Proof of Claim No. 6. This last proof of claim states that Chase Home Finance, LLC is the actual entity to whom the Plaintiff-Debtors owe the money on this claim. This proof of claim form is again signed by William G. Malcolm, now as an unidentified representative for Chase Home Finance, LLC. For unexplained reasons, Chase Home Finance, LLC, as the new holder of the claim, asserts that the amount owed by the Plaintiff-Debtors is $483,972.08. No documents are attached to Proof of Claim No. 10 evidencing the assignment of this claim from JPMorgan Chase Bank, National Association to Chase Home Finance, LLC. A pleading titled Transfer of Claim Other Than For Security was filed on May 6, 2011. Case No. 09-45257, Dckt. 85. This Notice states that the claim of JPMorgan Chase Bank, N.A. in the amount of $483,972.08 was transferred to Chase Home Finance, LLC. The Notice further states that payments on the claim of Chase Home Finance, LLC are to be made to JPMorgan Chase Bank, N.A. No documents evidencing the assignment are attached to the Notice. This Notice is signed by Diana Duarte who is identified only as the "Authorized Filing Agent for Filer." It does not identify who the filer is or what their authority is as a "Filing Agent."

By separate proceeding in the bankruptcy case the court shall afford Mr. Malcolm and Ms. Duarte the opportunity to appear in court and provide information concerning the assignment of the claim, the identify of the actual creditor, their authority to file proofs of claim and notices of transfer, and whether the payment to JPMorgan Chase Bank, National Association are being made to it as the representative of Chase Home Finance, LLC, or if JPMorgan Chase Bank, National Association is the entity to whom the monies are owed and is actually the creditor in this case. See 11 U.S.C. Section 101 (5) and (10).

Beach Note and Long Beach Deed of trust, and are asserted to be documentation of the obligation owing to Chase Home Finance, LLC. Plaintiff-Debtors further allege that Chase Home Finance, LLC, as the purported transferees of the JPMorgan Chase Bank, N.A. claim, does not have a proper assignment of the Note nor the deed of trust which secures the note. Additionally, that Chase Home Finance, LLC is not in possession of the Long Beach Note and Deed of Trust. Complaint ¶¶ 39, 40, 41. The Plaintiff-Debtors' Chapter 13 Plan provides for payment of this claim. Complaint ¶ 22.

The JPMorgan Chase Bank, N.A. proof of claim was amended twice. The first is with Proof of Claim No. 6 filed on January 7, 2010, by JPMorgan Chase Bank, N.A. and then with Proof of Claim No. 10 filed on July 23, 2010, by Chase Home Finance, LLC. Complaint ¶¶ 25, 27. On October 27, 2010, Chase Home Finance, LLC generated an Annual Escrow Account Statement which reflected an increased post-petition mortgage payment of $3,472.59. This included $1,102.22 for P&I, $496.28 for escrow, and $140.61 for escrow shortage. Complaint ¶ 28. The Plaintiff-Debtors confirmed their Chapter 13 Plan on May 27, 2010. That Plan provides for the payment of current monthly installments of $2,602.25 and a $39,631.36 pre-petition arrearage for which a $765.00 a month payment is specified. Dckt. 48, Case No. 09-45257, Sections III, ¶ 3.09, and VII of the Chapter 13 Plan.

On November 28, 2010, Chase Home Finance, LLC sent a Notice to Trustee and filed with the bankruptcy court a Notice of Payment change, increasing the Plaintiff-Debtors' post-petition mortgage payment to $3,472.59. Complaint ¶¶ 36, 37. On January 5, 2011, the Chapter 13 Trustee noticed the Plaintiff-Debtors that the post-

petition mortgage payment had increased to $3,472.59. This increased the Plaintiff-Debtors' plan payment to $5,784.22 a month. Complaint ¶¶ 37, 38.

Plaintiff-Debtors assert that Chase Home Finance, LLC, as part of its normal business practices conducts an "Escrow Analysis" pursuant to RESPA. When making this analysis in a bankruptcy case, Chase Home Finance, LLC does not distinguish between the pre-petition arrearage and post-petition advances. Using the combination of the pre-petition arrearage and post-petition advances, if any, Chase Home Finance, LLC generated the increased post-petition mortgage payment in this case. Complaint ¶¶ 42 - 46. Because of the notice of increased post-petition mortgage payment issued by Chase Home Finance, LLC, the Chapter 13 Trustee is duty bound to take action to collect the increased amount from the Plaintiff-Debtors, and if not paid, object to confirmation or seek to dismiss the case for failure to make the increased post-petition payment. Complaint ¶ 47. Plaintiff-Debtors further allege that Chase Home Finance, LLC conspired with unnamed persons to collect pre-petition escrow advances through post-petition mortgage payment increases. Complaint ¶ 48.

## THE COMPLAINT

Plaintiff-Debtors filed this adversary proceeding on February 9, 2011. Dckt. 1. The complaint seeks (1) declaratory relief and injunctive as to the rights and obligations of the respective parties to this adversary proceeding, including a statement of the amount of contractual payments due, an accounting, and a detailed analysis of pre-petition and post-petition escrow shortages (Dckt. 1 at 9); (2) Money damages for violation of the

automatic stay of 11 U.S.C. § 362(a) (Dckt. 1 at 10); (3) Money damages for violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1) (Dckt. 1 at 11-12); (4) Money damages for violation of the RESPA; and (5) Money Damages for civil conspiracy (Dckt. 1 at 14-16). The court will consider each of the foregoing claims in turn.

In considering a motion to dismiss, it is necessary to identify what has actually been alleged by the Plaintiff-Debtors and against whom.

**First Cause of Action**

The First Cause of Action is for declaratory relief against the "Defendants" collectively. No specific person or persons are identified as having a dispute with the Plaintiff-Debtors. There is only one Defendant in this case, Chase Home Finance, LLC. It is alleged that there is a dispute concerning the amount of the post-petition monthly payments to be made by the Plaintiff-Debtors on the Long Beach Note. Specifically, it is alleged that a dispute exists concerning the computation of amounts properly included for escrow advances made by the creditor pre-petition and post-petition. It is further alleged that the determination of the correct amount of the post-petition monthly payments should also include an injunction, restitution should be ordered because the Chase Home Finance, LLC has engaged in false, fraudulent, misleading, unfair, deceptive and unconscionable conduct to perpetrate or conceal its unlawful conduct. Complaint ¶ 51. Though the Complaint does not identify Chase Home Finance, LLC by name in the First Cause of Action, it is the only Defendant named in this Adversary Proceeding and the Defendant alleged to have

1  issued the notice of increased post-petition monthly mortgage

2  payments.

3  **Second and Third Causes of Action**

4       It is alleged that unnamed Defendants had knowledge of the

5  bankruptcy and automatic stay, and the unnamed Defendants conducted

6  a post-petition escrow analysis for the obligation owed by the

7  Plaintiff-Debtors on the Long Beach Note.    Complaint ¶¶ 54, 56.

8  Because Chase Home Finance, LLC is the only named Defendant in this

9  Adversary Proceeding, the court construes the allegations in the

10 Second and Third Causes of Action as being made against this one

11 named Defendant.    It is alleged that Chase Home Finance, LLC

12 conducted the analysis so as to include the pre-petition arrearage

13 and thereby increased the post-petition monthly payments to include

14 repayment of the pre-petition arrearage which was otherwise

15 provided for in the Chapter 13 Plan.    Complaint ¶¶ 57, 58.    The

16 unnamed Defendants issued a notice of a post-petition monthly

17 payment increase to the Chapter 13 Trustee for the purpose of

18 obtaining payment of the pre-petition arrearage through post-

19 petition monthly mortgage payments from the Plaintiff-Debtors.

20 Complaint ¶¶ 58, 72.    It is further alleged that this conduct was

21 done intentionally, violates the automatic stay, and that the

22 Plaintiff-Debtors have suffered damages identified as increased

23 post-petition monthly payment on the Long Beach Note, attorneys'

24 fees, and nonspecific emotional distress.    Complaint ¶¶ 64, 65, 66,

25 67, 68, 69, 70, 71, 72.

26 **Fourth Cause of Action**

27      Though the Fourth Cause of Action makes reference to unnamed

28 "Defendants," the court construes the Fourth Cause of Action to be

against the one Defendant in this Adversary Proceeding, Chase Home Finance, LLC.  The Plaintiff-Debtors assert that the Long Beach Note is part of a loan transaction subject to RESPA.  It is alleged that upon the assignment, sale or transfer or change in servicer for the Long Beach Note, unnamed Defendants were required to notify Plaintiff-Debtors not less than 15 days before the transfer of the loan.  Complaint ¶¶ 76, 77, 78, 79.  It is alleged that this notice was not given by Chase Home Finance, LLC.  Complaint ¶ 81.

Plaintiff-Debtors further allege that Chase Home Finance, LLC has incorrectly applied and demanded more through the post-petition monthly mortgage payment than allowed under RESPA.  These include improperly requiring an escrow for property taxes and insurance.  Complaint ¶¶ 18, 19, 82, 83, 84.  Plaintiff-Debtors conclude that unnamed Defendants have violated RESPA.

**Fifth Cause of Action**

The Plaintiff-Debtors allege that unnamed Defendants engaged in conduct to recoup pre-petition claims (the pre-petition arrearage due on the Long Beach Note) from post-petition property of the bankruptcy estate.  This recoupment was obtained by improperly increasing the post-petition monthly payments on the Long Beach Note.  Complaint ¶ 90.  It asserted that unnamed Defendants conspired to do this, and did give notice of the post-petition monthly payment on the Long Beach Note (including payment of the pre-petition arrearage) knowing that the Chapter 13 Trustee would collect the increase monthly payment from the Plaintiff-Debtors.  Complaint ¶ 92.  It is alleged that the unnamed Defendants assisted unnamed assignees and/or successors of unidentified instruments in unstated ways of concealing the

1    collection of unidentified pre-petition arrearage through increased
2    post-petition payments.    Further, an unnamed Defendant knows the
3    source of the decision making process for this conspiracy and has
4    a duty to counsel the various unnamed Defendants as to the
5    automatic stay provisions.    Complaint ¶¶ 93, 94, 95, 96, 98, 100.

6                                    **ANALYSIS**

7        In considering a motion to dismiss, the court starts with the
8    basic premise that the law favors disputes being decided on their
9    merits, and a complaint should not be dismissed unless it appears
10   beyond doubt that the plaintiff can prove no set of facts in
11   support of their claim which would entitle them to the relief.
12   *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976).    Any doubt
13   with respect to whether a motion to dismiss will be granted should
14   be resolved in favor of the plaintiff.    *Pond v. Gen. Electric Co.*,
15   256 F.2d 824, 826-27 (9th Cir. 1958).    For purposes of determining
16   the propriety of a dismissal before trial, allegations in the
17   complaint are taken as true.    *Kossick v. United Fruit Co.*, 365 U.S.
18   731, 732 (1961).

19       The complaint must provide more than labels and conclusions,
20   or a formulaic recitation of a cause of action; it must plead
21   factual allegations sufficient to raise more than a speculative
22   right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
23   (2007).    Federal Rule of Civil Procedure 8(a), made applicable to
24   this adversary proceeding by Federal Rule of Bankruptcy Procedure
25   7008, requires that complaints contain a short, plain statement of
26   the claim showing entitlement to relief and a demand for the relief
27   requested.    As the Court held in *Bell Atlantic*, the pleading
28   standard under Rule 8 does not require "detailed factual

                                        10

allegations," but it does demand more than an unadorned accusation or conclusion of a cause of action.   *Bell Atlantic*, 550 U.S. at 555.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citations and quotation marks omitted).   Rule 8 also requires that allegations be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

In ruling on a 12(b)(6) motion to dismiss, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).   The court need not accept unreasonable inferences or conclusory deductions of fact cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).   Nor is the court required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

### DECLARATORY RELIEF

Declaratory relief is an equitable remedy distinctive in that it allows adjudication of rights and obligations on disputes regardless of whether claims for damages or injunction have arisen. "In effect, it brings to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de*

*Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). The party seeking declaratory relief must show (1) an actual controversy and (2) a matter within federal court subject matter jurisdiction. *Calderon v. Ashmus*, 523 U.S. 740, 744 (1998). There is an implicit requirement that the actual controversy relate to a claim upon which relief can be granted. *Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982).

The court may only grant declaratory relief where there is an actual controversy within its jurisdiction. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The controversy must be definite and concrete. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). Defendant argues that Plaintiff-Debtors have failed to set out any facts demonstrating that a RESPA Notice was generated to collect pre-petition claims. However, in reading the complaint in the light most favorable to the Plaintiff-Debtors, the Complaint does state that Chase Home Finance, LLC conducted an escrow analysis, that the escrow analysis caused pre-petition escrow shortfalls to be included in post-petition payments, and that Plaintiff-Debtors and Chapter 13 Trustee were notified of this improper increased amount so that such amount would be paid post-petition to Chase Home Finance, LLC.

Chase Home Finance, LLC advances several arguments as to why the First Cause of Action for Declaratory Relief (determining the correct amount of the post-petition monthly mortgage payment) is defective. First, Chase Home Finance, LLC contends that it is merely duplicative of other claims (all of which it is asserted should be dismissed). If the Plaintiff-Debtors were not operating in a Chapter 13 bankruptcy case or under a Chapter 13 Plan and were

asserting tort or contract claims against Chase Home Finance, LLC, such a contention may have merit. But in this Chapter 13 case, a dispute exists as to the correct amount of post-petition mortgage payments which are to be paid under the plan. That determination is not duplicative of any other claims. Rather, this amount must be determined by the court for the administrative of the case to proceed.

The request for declaratory relief is not premised on any other claims, such as the alleged violation of the automatic stay or violation of RESPA. Rather, it stands on its own foundation of the need for there to be a determination of the correct plan payments which is required in this case.

To the extent that Chase Home Finance, LLC reads there being an allegation of fraud in the request for declaratory relief, it is over reading the allegations. Though some hyperbole is used in the Complaint, for the request for declaratory relief seeks "a statement of the amount of contractual monthly payments properly due, the correction of the account, to differentiate between pre- and post-petition escrow advances in post-petition escrow analyses, and a declaration of which party's interpretation is correct...." Complaint ¶ 51.

From a fair reading of the Complaint, it is clear that Plaintiff-Debtors allege that a dispute exists between Chase Home Finance, LLC and Plaintiff-Debtors concerning the correct amount of the post-petition installments which are properly due on the secured claim. The request for declaratory relief is not duplicative of other causes of action. Only after the court determines the correct amount of the post-petition payments will

the Plaintiff-Debtors, Chase Home Finance, LLC, and the Chapter 13
Trustee know the correct amount to be paid monthly.

The court reads Chase Home Finance, LLC's Motion to also
object to the Plaintiff-Debtors sliding a reference to injunctive
relief and restitution into the First Cause of Action.  To the
extent that the Plaintiff-Debtors are seeking injunctive relief,
restitution, or other adjudication of rights in the First Cause of
Action, such are improper as part of this declaratory relief claim.
To the extent that a "dispute" exists as to whether any of the
Defendants have violated rights of the Plaintiff-Debtors, then the
appropriate action may be commenced asserting those rights and
damages which may be recoverable.  Plaintiff-Debtors have not plead
claims for the additional relief, but have merely added those words
to the relief requested.  The court will not, and cannot, issue a
precursory or advisory opinion as to other rights or interests the
Plaintiff-Debtors may or may not have against any of the
Defendants.

The Motion is denied as to the claim for Declaratory Relief
against Chase Home Finance, LLC with respect to the issue of the
correct amount of the post-petition monthly installment payments
and the amount of the pre-petition claim, the Motion is granted to
the extent that the First Cause of Action also seeks injunctive
relief or restitution.

### VIOLATION OF THE AUTOMATIC STAY

The Plaintiff-Debtors assert that the conduct of Chase Home
Finance, LLC in recalculating and increasing the post-petition
payments violated the automatic stay.  The Plaintiff-Debtors allege
that Chase Home Finance, LLC has asserted the claim in this case

and sought to obtain payment on the obligation evidenced by the Note.

Chase Home Finance, LLC argues that the second and third causes of action for violation of the automatic stay fail because as a matter of law the Chase Home Finance, LLC cannot violate the stay by providing a post-petition mortgage loan payment modification notice.  To reach this conclusion, Chase Home Finance, LLC asserts that since the Chapter 13 Plan provides for the payment of the post-petition mortgage payments, telling the Chapter 13 Trustee the amount of the payment (whether correctly or incorrectly computed) cannot be a violation of the automatic stay.  Chase Home Finance, LLC further asserts that since the Plaintiff-Debtors have to pay the claim as required by 11 U.S.C. § 1322(b)(2) and the terms of the obligation cannot be modified, then it does not matter if Chase Home Finance, LLC violated the Bankruptcy Code by demanding payment of the pre-petition arrearage through an improper post-petition mortgage payment adjustment.  No authority has been cited for this proposition that the Bankruptcy Code and confirmed Chapter 13 Plan do not govern the repayment of all creditor claims.

Chase Home Finance, LLC contends that since confirmation of the Chapter 13 Plan revested all property of the Estate back in the Plaintiff-Debtors there can be no violation of the automatic stay. The Notice of the post-petition mortgage increase was sent by Chase Home Finance, LLC in November 2010, six months after the Chapter 13 Plan was confirmed.  To the extent that the Notice was improper, Chase Home Finance, LLC asserts that it could not violate 11 U.S.C. § 362(a) because it was not an act to obtain possession of "property of the estate."

The Chapter 13 Plan in this case provides that upon confirmation the property revests in the Plaintiff-Debtors. However, the automatic stay provisions also apply to

> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such line secures a claim that arose before the commence of the case under this title.

> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(5) and (6). There is no dispute that the Notice related to the pre-petition claim of Chase Home Finance, LLC and that it was seeking to obtain payment on that claim in the bankruptcy case. The automatic stay as to the Plaintiff-Debtors and their property continues until the earlier of (A) the time the case is closed, (B) the time the case is dismissed, or (C) the time the Chapter 13 discharge is entered. 11 U.S.C. § 362(c)(2). None of those events have occurred in this Chapter 13 case.[3]

A recent decision from the Ninth Circuit Bankruptcy Appellate Panel, *Zotow v. Johnson*, et. al., 432 B.R. 252 (B.A.P. 9th Cir. 2010) addressed this issue head-on. In *Zotow*, BAC Home Loan Servicing, LP ("BAC") sent one post-petition notice to the debtors showing an increase in the post-petition monthly mortgage payment.

---

[3]    Chase Home Finance, LLC supported its contention that no automatic stay should exist as to its conduct in trying to obtain payment on its pre-petition claim on the holding in *In re Petruccelli*, 113 B.R. 5, 15 (Bkcy. S.D. Cal. 1990). Though not noted in the Chase Home Finance, LLC brief, in *Petruccelli* the court was addressing the rights of a creditor in enforcing a post-petition obligation which was not provided for as part of the Chapter 13 plan. *Cf. Security Bank of Marshalltown v. Neiman*, 1 F.3d 687 (8th Cir. 1993) enforcement of post-petition debts relating to then property of the estate subject to automatic stay; and *In re Jackson*, 402 B.R. 95 (Bkcy ID 2009), enforcement of post-petition debt.

16

It was further alleged that BAC received several payments from the Chapter 13 trustee at the increased amount.

The *Zotow* court first considered the decision of the Fifth Circuit Court of Appeals in *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348 (5th Cir. 2008). In *Campbell*, the Fifth Circuit Court of Appeals concluded that the automatic stay precluded Countrywide Home Loans, Inc. ("Countrywide") from attempting to obtain payment on the pre-petition arrearage other than as permitted by the Bankruptcy Code. The obligation owing for a pre-petition arrearage, even if the claim is subject to the anti-modification provision of 11 U.S.C. § 1325(b)(2), is a pre-petition claim subject to the automatic stay provisions of 11 U.S.C. § 362(a). *Id.* at 354. However, the only conduct by Countrywide in *Campbell* was filing a proof of claim stating the higher installment amount. Filing a proof of claim, even one which grossly overstates the claim, was not held to be a violation of the automatic stay. *Id.* at 356.

The Third Circuit Court of Appeals has also addressed this issue, again with Countrywide increasing the post-petition installments to recover a pre-petition arrearage. After the bankruptcy case was filed, Countrywide issued a revised escrow analysis and demand for payment to the debtors. The Third Circuit Court of Appeals concluded that the pre-petition arrearage was part of the pre-petition claim which was governed by the Bankruptcy Code. Countrywide was entitled to be paid the pre-petition arrearage portion of its claim, but Countrywide could not violate the automatic stay to obtain payment of the pre-petition arrearage. The Third Circuit concluded that an attempt to obtain payment of a

pre-petition arrearage outside the plan payment could be a violation of the stay.  The matter was remanded to the trial court to determine if the violation was willful to support an award of damages pursuant to 11 U.S.C. § 362(k).  *In re Rodriguez*, 629 F.3d. 136, 143-144 (3rd Cir. 2010).  This decision was issued after the Bankruptcy Appellate Panel ruling in *Zotow*.

The Panel in *Zotow* considered the scope of the automatic stay with respect to communications relating to pre-petition claims. Not every communication is prohibited.  Rather, prohibited communications are those which, based on direct or circumstantial evidence, are geared toward collection of pre-petition debt, and which are accompanied by coercion or harassment.  *Zotow*, 432 B.R. at 259.  Relying on *Morgan Guar. Trust Co. Of N.Y. v. Am. Sav. And Loan Ass'n*, 804 F.2d 1487, 1491 (9th Cir. 1986), the Bankruptcy Appellate Panel concluded that a mere request for payment and informational statement are permissible communications which do not violate the automatic stay. *Id*.  The Bankruptcy Appellate Panel also recognizes that, "Whether a communication is a permissible or prohibited one is a fact-driven inquiry which makes any bright line test unworkable." *Id*. at 258.

In *Morgan Guar. Trust Co.*, the Ninth Circuit addressed the issue of whether the presentment of a note issued by Johns Manville violated the automatic stay.[4]  Because the automatic stay seeks to ensure the orderly administration of the debtor's estate, provide a breathing spell for the debtor,  maintain the status quo, and prevent harassment of a debtor by sophisticated creditors, a

---

[4]/ This predated the amendment to 11 U.S.C. § 362(b)(10) which exempts presentment of a negotiable instrument from the automatic stay.

18

1  request for payment (as with the presentment of a negotiable

2  instrument) does not violate the automatic stay unless it is

3  accompanied by coercion or harassment, such as immediately or

4  potentially threatening the debtor's possession of property.

5  *Morgan*, 804 F.2d at 1491. Examples of communications cited by the

6  Ninth Circuit as violating the automatic stay included: (1) notice

7  of intent to terminate lease, (2) notice of intent to terminate

8  franchise, (3) notice of medical clinic refusal to provide future

9  medical services because of refusal to pay for prior services,

10 (4) letter informing debtor that an attorney had been hired to

11 collect a delinquent account, (5) college refusing to release

12 transcripts as a method to force payment, and (6) a creditor who

13 made repeated visits and telephone calls to a debtor.    *Id*.

14 Examples of communications not violating the automatic stay

15 included: (1) letter sent to debtor's attorney that a credit union

16 would not have further business dealings with the debtor unless

17 debt was reaffirmed, and (2) communications setting out the basis

18 of the claim (informal proof of claim).    *Id*.

19      The *Zotow* court concluded that the stay had not been violated

20 on the facts of that case because Countrywide sent a single notice

21 which did not request payment.    The one notice communicated the

22 information obtained in the recent escrow analysis computed by

23 Countrywide.    The record established at the evidentiary hearing

24 revealed no indication that Countrywide attempted to collect the

25 pre-petition arrearage outside the bankruptcy court.    The Panel

26 placed significant weight on there being only a single notice sent

27 to the debtor.    Given that there was one notice, no other action

28 taken to obtain payment, and undisputed facts which did not

1  constitute harassment or coercion, the Panel concluded that the
2  single notice did not violate the automatic stay.

3      Applying both the spirit and letter of *Morgan Guar. Trust Co.*,
4  creditors and debtors are allowed to communicate their disparate
5  positions and rights they seek to assert.  It is when coercion or
6  harassment is coupled with the communication that they can be a
7  violation of the automatic stay.

8      In this case, the Plaintiff-Debtors argue that the calculation
9  itself, in addition to the filing of the notice of change in
10 mortgage payment, violates the automatic stay.  It is asserted that
11 filing the notice of change in mortgage payment will result in the
12 Chapter 13 Trustee forcing the Plaintiff-Debtors to pay the pre-
13 petition arrearage as a post-petition mortgage installment rather
14 than as a proper plan payment.  However, the Plaintiff-Debtors
15 allege nothing more to indicate that there was any harassing or
16 coercive conduct by Chase Home Finance, LLC.  Instead, merely that
17 Chase Home Finance, LLC asserted the right to a higher post-
18 petition payment based upon its interpretation of RESPA.

19     With respect to Chase Home Finance, LLC, the Plaintiff-Debtors
20 make generic broad sweeping allegations of a pattern of conduct in
21 which Chase Home Finance, LLC attempted to obtain payment on a pre-
22 petition claim outside the strictures of the Bankruptcy Code.  But
23 the specific allegations in this case are that Chase Home Finance,
24 LLC communicated to the Plaintiff-Debtors, Chapter 13 Trustee, and
25 everyone else in the case that Chase Home Finance, LLC computed an
26 increase in the post-petition payments.  At best, the Plaintiff-
27 Debtors argue that they knew the Chapter 13 Trustee could seek to
28 dismiss the case if they failed to pay an undisputed post-petition

mortgage payment or otherwise assert their contention as to the correct amount.

Glaring in its absence in the Complaint are any allegations contending that Chase Home Finance, LLC, either directly or indirectly, threatened or harassed the Plaintiff-Debtors. Commonly in the context of consumer harassment one sees multiple phone calls, multiple letters, and communications stating that adverse consequences will occur if the consumer does not immediately comply with the demands made by the creditor. In this case, nothing is alleged. Merely that Chase Home Finance, LLC provided notice that it computed a post-petition installment payment increase and the Plaintiff-Debtors did not object to the increased payment.

The court also rejects Plaintiff-Debtors' apparent contention that they have no obligation to address disputes concerning the proper post-petition payment amounts to be made for Class 1 or Class 2 Claims, or the correct determination of a creditor's pre-petition arrearage to be paid through the Chapter 13 Plan. Plaintiff-Debtors appear to have adopted a strategy that rather than addressing such issues as part of confirming or enforcing their Chapter 13 plan, they can elect instead to sue the creditor alleging a violation of the automatic stay and seek monetary recovery.

Plaintiff-Debtors have the option of choosing to file a Chapter 13 reorganization or Chapter 7 liquidation. Choosing a reorganization necessarily entails much more significant emotional, financial, and time commitments than merely filing a Chapter 7 and proceeding directly to a fresh start. However, a properly prosecuted Chapter 13 case can yield a significantly advantageous

economic benefit for debtors.  In many cases, debtors strip junior liens from their residence and cure the arrearage on the senior lien, thereby saving their home and realizing future appreciation without paying the junior liens.

In this setting, it is not unreasonable for a Chapter 13 debtor, advancing the interests of the estate and the debtor, to address a pre-petition claim dispute consisting of the correct computation of the post-petition payment.  This includes determining the correct amount of the pre-petition arrearage to be paid through the plan.  A debtor has many different tools in his or her arsenal, including filing a claim for the creditor, objecting to a claim, obtaining a determination of a plan term as part of a confirmation hearing, supplemental proceedings in enforcement of a plan,[5] and a declaratory relief action.  To the extent that there exists a contractual attorneys' fees provision, presumably a prevailing debtor would seek to recover  attorneys' fees and costs for the benefit of the estate and other creditors.

Though creditors' counsel may argue that the present type of situation arises because a debtor fails to communicate with the creditor, the court is cognizant of the realities of modern home loan debt servicing.  The persons computing the current (post-petition) mortgage payments are separate from the bankruptcy group and the attorney (if any) attempting to represent the creditor in the bankruptcy case.  Whether because of the volume of defaulted

---

[5]/ 11 U.S.C. Section 1327(a) provides, "The provisions of a confirmed plan bind the debtor and each creditor,..., and whether or not such creditor has objected to, has accepted, or has rejected the plan."  This is the new "contract" to be enforced between the parties.  *Max Recovery v. Than* (*In re Than*) 215 B.R. 430 435 (9th Cir. BAP 1997).

1    home loans or a conscious management decision, a thoughtful

2    response to a debtor's dispute of a mortgage payment or arrearage

3    calculation often does not occur until the creditor and counsel are

4    forced to a court hearing.

5         The motion to dismiss the Second and Third Causes of Action[6]

6    for violation of the automatic stay against Chase Home Finance, LLC

7    without prejudice and with leave to amend.

8                    **REAL ESTATE SETTLEMENT PROCEDURES ACT**

9         Plaintiff-Debtors further assert that the Defendants have

10   violated RESPA by (1) failing to provide the transfer of servicing

11   notice, (2) improperly computing the monthly post-petition

12   installments, and (3) sending incorrect post-petition RESPA escrow

13   analyses to the Plaintiff-Debtors.

14        Chase Home Finance, LLC presents an interesting argument in

15   support of the Motion - that if the conduct at issue may be a

16   violation of the automatic stay, then Congress intended that

17   seeking relief under 11 U.S.C. § 362(k) and the inherent powers of

18   this court are the sole and exclusive remedy for a debtor.

19   Essentially, in one fell swoop Congress overrode every other

20   federal and state enacted law, as well as centuries of common law

21   and replaced it with the remedy for a violation of the stay. This

22   view is inconsistent with the arguments made by similarly situated

23   creditors in other cases before this and other courts who have

24   argued that Congress intended RESPA to override the automatic stay

25   _____

26        [6]/ The Third Cause of Action asserts a "violation" of
     11 U.S.C. § 362(k). Subparagraph (k) is a remedies provision for
27   violation of the other provisions of § 362. The court reads the
     Second and Third Causes of Action as one claim for statutory
28   damages under § 362(k), as opposed to a request for sanctions
     under 11 U.S.C. § 105 and the inherent powers of this court.

provisions of the Bankruptcy Code.   Neither extreme view is correct.

The foundation built by Chase Home Finance, LLC for the argument that the remedy for violation of the automatic stay is the exclusive remedy for any conduct of the alleged is found in *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002).   In *Walls* the Ninth Circuit was presented with the issues of whether a debtor's dual contentions that (1) a violation of the discharge injunction was grounds for a private right of action other than for contempt and (2) a violation of the discharge injunction could be enforced as a claim under the Federal Fair Debt Collection Practices Act ("FDCPA") were correct.   The Ninth Circuit rejected the first argument, holding that civil contempt is the normal sanction for violating the discharge injunction.   *Id.*, p. 507.   No separate private right of action was created implicitly by Congress under 11 U.S.C. § 105.

The debtor in *Walls* further argued that the violation of the discharge injunction itself was an "unfair practice" under the FDCPA for which she had a simultaneous nonbankruptcy private right of action.   However, the only grounds for a claim under the FDCPA was the alleged violation of the discharge injunction.   *Id.*, pg. 510.   The Ninth Circuit rejected this contention for simultaneous claims premised on a violation of the discharge injunction, holding, "To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door – a private right of action."   *Id.*   The Bankruptcy Code provides complex, detailed, and comprehensive provisions to address the respective rights of debtors and creditors in these

proceedings.   The court's management of the bankruptcy proceedings and remedies under the Bankruptcy Code are not overridden by the FDCPA.   *Id.*   No other grounds or improper conduct were asserted in Walls to support a claim under the FDCPA.

In the Fourth Cause of Action the Plaintiff-Debtors do not assert that RESPA was violated because Chase Home Finance, LLC violated the automatic stay, but because Chase Home Finance, LLC failed to give the notice of transfer required under RESPA (Complaint ¶ 81) and  improperly computed the amount of the post-petition monthly mortgage payments (Complaint ¶ 87).  These grounds are not based on an alleged violation of the automatic stay.  Chase Home Finance, LLC is incorrect in asserting that if conduct relating to the post-petition mortgage payments was alleged to violate the stay, then Chase Home Finance, LLC could choose to violate other provisions of RESPA with impunity.

Though the *Walls* argument advanced does not provide a basis for granting the Motion, the court will consider the allegations in the Complaint given that Chase Home Finance, LLC  contends that they fail to allege actual violations of RESPA.

Notices that the servicing of a loan has been transferred are required pursuant to 12 U.S.C. § 2605(b), for the transferor, and (c), for the transferee.  It is alleged that Chase Home Finance, LLC was the transferee of the Long Beach Note and that unnamed Defendants (presumably Chase Home Finance, LLC) did not provide the required notice of transfer.  Complaint ¶¶ 78, 79, 80, 81.

Though not expressly articulated as part of Chase Home Finance, LLC's contention that "[t]he Complaint fails to state facts constituting even a single statutory or regulatory

violation," while a private right of action exists for the failure
to provide the servicing notice, the Plaintiff-Debtors must assert
a damages claim caused by the failure to provide the notice.
12 U.S.C. § 2605(f), *Jensen v. Quality Loan Serv. Corp*, 702 F.
Supp. 2d 1183, 1196-1197 (E.D. Cal. 2010), and *Wilson v. JP Morgan
Chase Bank*, 2010 U.S. Dist. LEXIS 63212 (E.D. Cal. 2010).  From a
review of the Complaint, the Plaintiff-Debtors do not assert any
damages arising from the failure to provide the notices of change
in servicer.

The Complaint also makes broad, nonspecific statements
asserting that the escrow amounts for property taxes and insurance
were incorrectly computed.  No reference is made to what provision
of RESPA is alleged to have been violated and the statutory basis
for a private right of action.  To the extent that it is asserted
to be 12 U.S.C. § 2609, no private right of action has been granted
by Congress.

An additional RESPA claim has been asserted for the improper
calculation of post-petition installments.  The Complaint is clear
that the only alleged conduct in asserting an increase in post-
petition installments has been by Chase Home Finance, LLC. However,
as asserted by Defendants, no private right of action has been
identified or advanced by the Plaintiff-Debtors for a violation of
the limitation for requirement of advance deposits in escrow
accounts.  To the extent that one looks to 12 U.S.C. § 2609, titled
"Limitation on requirement of advance deposits in escrow accounts,"
the Secretary of Housing and Urban Development is given the
authority to issue civil penalties for violations of that section.
No provision is made for a private right of action, as Congress

stated in § 2605.

The Fourth Cause of Action is dismissed as to Chase Home Finance, LLC without prejudice and with leave to amend.

### CIVIL CONSPIRACY

To establish a civil conspiracy in California one must show that Defendants jointly engaged in a tort. There is no separate civil action for conspiracy to commit a tort without there being an actual wrongful act committed. *Favila v. Katten Muchin Rosenman, LLP*, 188 Cal. App. 4th 189, 206 (2010); *see also* 5 Witkin Summary of California Law Torts, 10ᵀᴴ Edition, § 45. The effect of the "conspiracy" is that each of the Defendants involved is individually liable. Through incorporating the general allegation paragraphs and the RESPA cause of action allegations, the general allegations of a conspiracy are generally made as to unidentified Defendants.

The California District Court of Appeal in *Black v. Bank of America*, 30 Cal. App. 4th 1 (1994) conducted the review of what constitutes a conspiracy claim and the proper basis for such a claim when the parties involved were a corporation and the agents or employees of the corporation. The *Black* Court concluded that it is well established California law that employees or agents of a corporation cannot conspire with their principal or employer when acting in their official capacity. In *Gruenberg v. Aetna Ins. Co*, 9 Cal. 3d 566 (1973), the California Supreme Court concluded that an insured could not state a conspiracy claim against his insurance company and a separate insurance adjusting firm, a separate law firm, and employees of the two separate firms because only the insurance company had a duty of good faith and fair dealing with

the insured.   The two separate firms were not a party to the insurance contract and did not have such a duty to the Plaintiff-Debtors.   In its *Doctors' Co. v. Superior Court* decision, the California Supreme Court held that an attorney and an expert witness employed by an insurance company could not be held liable for conspiring to violate the company's statutory duties, again because the statutory duties were owed only by the insurance companies. 49 Cal. 3d 39 (1989).

In *Younan v. Equifax Inc.*, 111 Cal. App. 3d 498 (1980), the court rejected a conspiracy claim for constructive fraud alleged to be based on a breach of fiduciary duty owed by a disability insurer.   The insurer's agents did not owe the plaintiff a fiduciary duty, and only the insurer itself owed the fiduciary duty.   However, the court allowed to stand a claim for conspiracy to commit actual fraud, since even the agents owed a duty to the plaintiff to "abstain from injuring the plaintiff through express misrepresentations, independent of the insurer's implied covenant of good faith and fair dealing."

This issue was further addressed by the Supreme Court in *Applied Equipment Corp. v. Litton Saudi Arabia Ltd*, 7 Cal. 4th 503 (1994).  The Supreme Court first distinguished between alleged conspiracies arising out of tort claims and contract claims.   For contract claims, there is no tort obligation for one contracting party not to interfere with the performance of the contract.   There is merely a contractual obligation to perform as promised. Therefore, a person who is not a party to a contract cannot be bootstrapped into a conspiracy tort.

For there to be a civil conspiracy there must be "the

formation and operation of the conspiracy and damage resulting to a plaintiff from an act or acts done in furtherance of the common design . . . In such an action the major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity." *Id*. at 512. However, each of the actors must have a duty to the person alleging a conspiracy. The conspiracy is to have a co-conspirator do the act that breaches everyone's respective duties.

In this case, all of the operative allegations have been made against Chase Home Finance, LLC for the remaining causes of action in this Adversary Proceeding for which the nonspecific conspiracy is alleged. The Plaintiff-Debtors only make boilerplate allegations that other unnamed Defendants "conspired" for the "recouping of pre-petition claims from post-petition estate property resulting in systematic injury to debtors." Further, there is no allegation as to what duties, if any, that these unnamed Defendants owe to the Plaintiff-Debtors and the damages caused to them by the breach of those duties.

The court is also not persuaded by the general argument that all of these parties are participating in a chain of events which culminate with Chase Home Finance, LLC intentionally miscomputing post-petition mortgage installments. Though these Plaintiff-Debtors and counsel are convinced that a grand conspiracy exists to demand excessive payments because the co-conspirators believe that "nobody really cares because the debtor owes the money," these Plaintiff-Debtors may pursue claims against identified defendants,

not merely a generic complaint where nobody is sure which unnamed defendant is an unidentified defendant under the various causes of action.    A complaint is not a free floating pleading in which persons are named, with the allegations against them to be determined at a later date.

In their Opposition, the Plaintiff-Debtors argue that each of the unnamed Defendants use various software systems and programs improperly fail to distinguish between pre-petition and post-petition escrow arrearage.    This improper payment calculation is streamed through a nationwide network of attorneys who file proofs of claims and escrow disclosure statements which miscomputes the claim and post-petition monthly mortgage payments.    The Plaintiff-Debtors have not alleged what duty to these Plaintiff-Debtors owed by the unnamed Defendants has been breached.    Further, the Plaintiff-Debtors have not identified the damages flowing from a breach of duty by the unnamed Defendants.    At best, the contention is that the Plaintiff-Debtors assert that they do not like what the other unnamed Defendants may do as part of their business practices to other persons, and therefore seeks to recover damages from them as part of a larger conspiracy of creditors and credit providers against debtors in general.    This does not sufficiently state a conspiracy claim against any of the Defendants, including Chase Home Finance, LLC, the only party alleged to have engaged in the complained of conduct with respect to these Plaintiff-Debtors.

The court dismisses the Fifth Cause of Action for conspiracy as to all Defendants, without prejudice and with leave to amend.

## CONCLUSION

The motion to dismiss is granted for the Second and Third

1  Causes of Action (11 U.S.C. § 362), Fourth Cause of Action (RESPA),
2  and Fifth Cause of Action (Conspiracy) as to Chase Home Finance,
3  LLC.  All dismissals are granted without prejudice and with leave
4  to amend.  The motion is denied as to the First Cause of Action for
5  declaratory relief, but is granted to the extent of any claims for
6  injunctive relief or restrictions are included in the First Cause
7  of Action, with such dismissal being without prejudice and with
8  leave to amend.

9      The Plaintiff-Debtors shall file an amended complaint, if any,
10 on or before July 15, 2011.  Chase Home Finance, LLC shall file its
11 responsive pleading to an amended complaint, or answer to the
12 current Complaint if a stipulation that Chase Home Finance, LLC is
13 the named defendant is filed, on or before August 1, 2011.

14     This Memorandum Opinion and Decision constitutes the court's
15 findings of fact and conclusions of law pursuant to Rule 52, Fed.
16 R. Civ. P. and Rule 7052, Fed. R. Bankr. P., and the court shall
17 issue a separate order consistent with this ruling.
18 Dated: July 7 , 2011

20 RONALD H. SARGIS, Judge
21 United States Bankruptcy Court

31

## CERTIFICATE OF MAILING

1

2         The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
3  hereby certifies that the attached document(s) was served by mail
to the following entities listed at the address(es) shown below:

4

Service List:

5

6  Peter Macaluso
   7311 Greenhaven Dr #100
7  Sacramento, CA 95831

8  Angela Pruitt
   9012 Marble Bay Ct
9  Sacramento, CA 95829

10  Dwight Pruitt
    9012 Marble Bay Ct
11  Sacramento, CA 95829

12  Vincent Novak
    425 Market St
13  San Francisco, CA 94105

14  Lawrence Loheit
    PO Box 1858
15  Sacramento, CA 95812-1858

16  Office of the U.S. Trustee
    Robert T Matsui United States Courthouse
17  501 I Street, Room 7-500
    Sacramento, CA 95814

18

19

20

21

DATE: 7/1/11

22                                 _____
                                   Deputy Clerk
23

24

25

26

27

28